The Honorable Ray L. Cox State Representative, Thirty-Ninth District 824 S. 131st Bonner Springs, Kansas 66012
Dear Representative Cox:
As representative of the thirty-ninth district and on behalf of one of your constituents you make several inquiries about the board of directors of a rural water district organized pursuant to K.S.A. 82a-612 et seq. Your first question is who qualifies as an eligible voter of a corporation, firm, partnership or association which is a participating member?
The rural water district act (hereinafter the act) is very specific about how a district is to be created, how the directors are selected and their terms, how vacancies are to be filled and how bylaws and regulations for the conduct of business are to adopted. K.S.A. 82a-617
and 82a-618. The act defines a participating member as an individual, firm, partnership, association or corporation, but does not specify who within these entities may vote. The act clearly intends these entities be treated as persons. K.S.A. 82a-612; see generally 18 Am.Jur.2dCorporations sec. 65 (1985). When a statute is plain and unambiguous, the court interpreting a statute must give effect to the intention of the legislature as expressed, rather than determine what the law should or should not be. Martindale v. Tenny, 250 Kan. 621, 629 (1992).
Once the requirements of a participating member are met, by the acquisition of land and the subscription to one or more benefit units, the participating member becomes an eligible voter. The act does not treat a corporation, firm, partnership or association any differently than any other individual participating member. And, inasmuch as these different organizations are created and governed by different statutory requirements, each organization may have different laws or bylaws that dictate how a representative is selected. For this reason, the decision of whom to choose and the reasons for that decision must be internal and particular to the type of organization. See K.S.A. chapter 17 corporations, associations, cooperatives; chapter 56 partnerships; chapter 2, article 1 farm associations and chapter 84, U.C.C. generally, and 18A Am.Jur.2d Corporations sec. 150 (1985).
It is therefore our opinion that each organization listed in K.S.A.82a-612 and defined as a participating member must designate an officer, agent or employee to be an eligible voter at rural water district meetings. See 18B Am.Jur.2d Corporations secs. 1507, 1519, 1521 (1985).
Your second question is whether this representative or designee of an entity may serve on the board. A person is eligible to serve on the board of directors of a rural water district if he or she is a "participating member" as defined by K.S.A. 82-612. As a designee of an entity the requirements of K.S.A. 82a-612 and 82a-617 are met and thus in our judgment that designee or representative may serve on the board.
Your third question is how a board should be reorganized after a majority of its members resign, absent a quorum. K.S.A. 82a-618
authorizes the calling of meetings at any time "as may be determined by the board or upon call by the chairman or any two (2) members of the board. Vacancies on the board shall be filled for the unexpired term, and until such appointee's successor is elected and has qualified by appointment by the remaining members of the board." Accordingly it is our opinion that the remaining members of the board may call a meeting and appoint board members to fill the vacancies.
Very truly yours,
 ROBERT T. STEPHAN Attorney General of Kansas
 Guen Easley Assistant Attorney General
RTS:JLM:GE:jm